# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amber Doe<br><br>Plaintiff(s)/Petitioner(s)<br><br>v.<br><br>Sequoia Capital Ops., LLC, et al.<br><br>Defendant(s)/Respondent(s) | Case No. 2:25-cv-07898-MEMF (SK)<br><br>**REPORT AND RECOMMENDATION ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br><br>CIVIL RIGHTS, HABEAS, AND SOCIAL SECURITY |

The Court has reviewed the Request to Proceed *In Forma Pauperis* and the documents submitted with it. On the question of indigency, the Court finds that Plaintiff/Petitioner:

☒ is not able to prepay the full filing fee.   ☐ is able to prepay the full filing fee.   ☐ did not submit a request.
☐ has not submitted enough information for the Court to determine if Plaintiff/Petitioner is able to prepay the full filing fee.

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency.
☐ Failure to authorize disbursements from prison trust account to pay the filing fees.
☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
☐ District Court lacks jurisdiction.
☐ The Clerk sent a warning letter to Plaintiff/Petitioner advising that failure to submit application to proceed IFP or pay the filing fee would result in dismissal of this case. More than 30 days have passed, and the deficiency has not been corrected.

☒ Frivolous, malicious, or fails to state a claim upon which relief may be granted. See comment.
☐ Seeks monetary relief from a defendant immune from such relief. See Comment.
☒ Leave to amend would be futile.
☐ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. *See O'Neal v. Price,* 531 F.3d 1146 (9th Cir. 2008); 28 U.S.C. § 1915(g).
☐ As explained in the attached statement.
☐ The Court previously deferred ruling and gave Plaintiff/Petitioner 30 days to provide the missing and/or additional information, but either none was submitted timely or it was still insufficient.

☒ Comment:

> This action is substantively identical to three cases previously dismissed with prejudice. (See Doe v. Goguen, et al., No. 2:23-cv-2280; Doe v. Quinn Emanuel Urquhart & Sullivan, et al, No. 2:23-cv-4896; Doe v. Sequoia Capital, et al., No. 2:23-cv-6439). This duplicative action is thus barred by res judicata. See Leon v. IDX Systems Corp., 464 F.3d 951, 962 (9th Cir. 2006) (citing Beard v. Sheet Metal Workers Union, Local 150, 908 F.2d 474, 477 n.3 (9th Cir. 1990)); see also Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (affirming dismissal of "complaint that merely repeats pending or previously litigated claims"). Suits barred by res judicata are by definition frivolous. See Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (per curiam). As a result, leave to amend the complaint would be futile. See Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc); Cobb v. Juarez, 584 F. App'x 418, 419 (9th Cir. 2014).

The parties are not entitled to file written objections to the Magistrate Judge's recommendation regarding the Request. *See Minetti v. Port of Seattle,* 152 F.3d 1113 (9th Cir. 1998) (per curiam). The Report and Recommendation will be sent to the District Judge for consideration.

Dated:  September 22, 2025                                    By: _____
                                                                HON.  STEVE KIM
                                                                UNITED STATES MAGISTRATE JUDGE