QUINN EMANUEL URQUHART & SULLIVAN, LLP
Diane M. Doolittle (Bar No. 142046)
dianedoolittle@quinnemanuel.com
Kyle Batter (Bar No. 301803)
kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Michael Goguen*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER DOE,<br><br>Plaintiff,<br><br>v.<br><br>SEQUOIA CAPITAL OPERATIONS LLC, et al.,<br><br>Defendants. | Case No. 2:25-cv-07898-MEMF-SK<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**MICHAEL LEWIS GOGUEN'S MOTION FOR AN ORDER (1) DECLARING AMBER BAPTISTE A VEXATIOUS LITIGANT AND (2) IMPOSING A PRE-FILING REQUIREMENT UPON HER**<br><br>[Declaration of Kyle Batter, Request for Judicial Notice, and Proposed Order submitted herewith]<br><br>Date: March 12, 2026<br>Time: 10:00 am<br>Courtroom: 8B |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 12, 2026 at 8:00 am, or as soon thereafter as the matter may be heard before the Honorable Judge Maame Ewusi-Mensah Frimpong of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, CA, 90012, Courtroom 8B, the undersigned, on behalf of Michael Goguen will, and hereby does, move this Court (1) for an order declaring that Amber Baptiste is a vexatious litigant, and (2) for a pre-filing order enjoining Baptiste from filing any complaint or other document in any federal court within the United States or its possessions, (a) making any of the same or substantially the same allegations that Baptiste made in her prior complaints against Goguen or (b) against any of the following individuals, without first obtaining leave of the court in which she intends to file:

- Michael Lewis Goguen;
- Jamie Stephenson Goguen (Mr. Goguen's wife);
- Any company owned in whole or in part by Goguen;
- Sequoia Capital Operations, LLC and any of its parents, affiliates, or subsidiaries; and
- Goguen's attorneys, including Quinn Emanuel Urquhart & Sullivan, LLP and any of its attorneys, Goodwin Procter LLP and any of its attorneys, and Lenczner Slaght LLP and any of its attorneys.

This motion is made pursuant to C.D. Cal. Local Rule 83-8, 28 U.S.C. 1651, and the Court's inherent authority to "regulate the activities of abusive litigants" (*De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Kyle Batter, all matters of which the Court may

take judicial notice, and such other evidence and argument as may be presented at or before the hearing on this Motion.[1]

DATED: January 20, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Diane M. Doolittle

Diane M. Doolittle
*Attorneys for Defendant Michael Goguen*

---

[1] The conferral requirement in L.R. 7-3 does not apply to this Motion because Baptiste is *pro se* and is not an attorney. (*See* L.R. 16-12.)

# TABLE OF CONTENTS


**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1
PRELIMINARY STATEMENT ........ 1
STATEMENT OF FACTS ........ 2
I. Baptiste Lost in the San Mateo Superior Court ........ 2
II. The Superior Court Issued Two Restraining Orders Against Baptiste ........ 3
III. The San Mateo Superior Court *Twice* Found Baptiste in Contempt For Repeatedly Violating the Restraining Orders ........ 3
IV. Baptiste Has Lost in this Court Four Times ........ 3
A. This Court Dismissed Baptiste's First Suit as Patently Frivolous ........ 3
B. This Court Dismissed Baptiste's Second Suit as Duplicative ........ 4
C. This Court Dismissed Baptiste's Third Suit Under Res Judicata ........ 4
D. This Court Dismissed Baptiste's Fourth Suit Under Res Judicata ........ 5
V. Baptiste Has Threatened to File in "Each and Every Jurisdiction[,] Country, City, Province, State, [and] District" ........ 5
VI. Baptiste Filed a Further *Twelve* Frivolous Lawsuits ........ 6
LEGAL STANDARDS ........ 9
I. Courts Have Inherent Power to Declare a Person a Vexatious Litigant ........ 9
II. C.D. Cal. Local Rules Affirm and Augment the Court's Inherent Powers ........ 10
III. Courts Employ a Four Factor Test for a Finding of Vexatiousness ........ 10
ARGUMENT ........ 11
I. THE PROCEDURAL FACTORS ........ 11
A. This Motion Provides Baptiste with the Requisite Notice ........ 11
B. Goguen Has Provided a Record of Baptiste's Vexatious Filings ........ 12
II. THE SUBSTANTIVE FACTORS ........ 12
A. The Court Has Repeatedly Held That Baptiste's Serial Findings are Frivolous and Vexatious ........ 12
B. Goguen's Request Seeks Appropriately Tailored Relief ........ 13
CONCLUSION ........ 14

# TABLE OF AUTHORITIES

**Page**

## Cases

*Amber Baptiste v. Michael Goguen*, CIV537691 (San Mateo Superior Court, 2016) .......... 13

*Amber Doe v. Michael Goguen*, 2:23-cv-02280-MEMF-SK (C.D. Cal. 2023) .......... 13

*Amber Doe v. Michael Goguen et al.*, 9:23-cv-00088-DWM (D. Mont. 2023) .......... 13

*Amber Doe v. Sequoia Capital et al.*, 2:23-cv-06439-MEMF-SK (C.D. Cal. 2023) .......... 13

*De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990) .......... 9, 10, 11, 12, 13, 14, 15

*GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F. Supp. 3d 1007 (C.D. Cal. 2017) .......... 3

*Jane Doe v. Michael Goguen et al.*, CV-23-00093358-0000 (Ontario, Canada, Superior Court of Justice) .......... 13

*Jane Freedom Doe v. Michael Goguen*, 2:23-cv-04723-MEMF-SK (C.D. Cal. 2023) .......... 13

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007) .......... 10, 11, 12, 13, 15

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986) .......... 11, 14, 15, 16

## Rules/Statutes

28 U.S.C. 1651 .......... 10

Fed. R. Evid. 201 .......... 2

## Other Authorities

Local Rule 83-8 .......... 16

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Amber Baptiste is the quintessential vexatious litigant. She has already been declared such by *both* the California Superior Court and California State Bar in 2024 and 2025, respectively. (Declaration of Kyle Batter filed herewith, Exs. P, R.) Earlier this year, she was held in criminal contempt of court, and failed to appear for sentencing, forcing the court to issue a no-bail bench warrant. (*Id.*, Exs. S, T.) Now prevented from filing and prosecuting frivolous claims in state court and the state bar against hundreds of defendants, including her former, occasional paramour, Michael Goguen, his family, and dozens of lawyers and judges, Baptiste has continued her campaign to annihilate her perceived enemies by filing the same specious claims in more than *a dozen* ***federal*** courts around the country.

These filings are so abusive as to shock the conscience. In complaints spanning hundreds of pages each, Baptiste spews false invective, calling Goguen and others "pedophilic serial rapist[s]" and "architect[s] of a transnational human trafficking, sexual slavery, torture, and financial extortion enterprise." Not surprisingly, the courts that have taken action on these cases have dismissed them as "patently frivolous," "duplicative," "an unauthorized collateral attack on the judgment of [a prior court]," "appear[ing] to have no purpose other than a vexatious one of circumventing the civil harassment restraining order entered by [the prior court]," and "barred by res judicata." (*See, id.*, Exs. G, H, I, M, N, U, W, Y, Z.)

This Court is familiar with Baptiste, as she filed three actions in this Court in 2023. (*Id.*, Exs. G, H, I.) Just as this Court was dismissing each of those cases, the Court considered and denied without prejudice an earlier request that Baptiste be declared vexatious solely because she had an appeal pending. (*Id.*, Ex. L.) That was *before* Baptiste ratcheted up her abuse of process such that she was declared a vexatious litigant in state court and held in contempt—twice. It was *before* she filed nearly a dozen additional federal court cases around the country. And it was *before*

Baptiste swore that she would *"continue to file her Complaint, as many times and in as many courts as required."* (*Id.*, Ex. BB.)

After a decade of misusing the courts to execute on her personal, misguided vendetta against Goguen, anyone affiliated with him, and anyone who she perceives has slighted her, it is clear that Baptiste will never stop unless and until the courts do something. Respectfully, Goguen moves this Court to exercise its inherent power to regulate the activities of abusive litigants to declare Baptiste a "vexatious litigant."

## STATEMENT OF FACTS

### I. Baptiste Lost in the San Mateo Superior Court

Baptiste and Goguen were in an on-and-off relationship that spanned a decade. (Batter Decl., Ex. A at ¶ 3.)[2] In 2013, Goguen ended that relationship. (*Id.* ¶ 59.) In response, Baptiste wrote that her "heart [was] broken," and she threatened that if Goguen did not want to love her, he could pay her instead. (*Id.* ¶¶ 61-63.) To extract an extorted "settlement" from Goguen, Baptiste threatened to falsely publicize that he had raped her and infected her with an STD (that she did not even have). (*Id.* at 1-2.) Baptiste's threats and harassment continued unabated even after she extorted $10 million from Goguen, so Goguen refused to pay any more. (*Id.*) So on March 8, 2016, Baptiste followed through with her threats and filed a lawsuit against Goguen in the San Mateo Superior Court, falsely alleging rape and human trafficking. (*Id.* ¶ 111.) Goguen filed a cross-complaint for extortion, fraud, and a civil harassment restraining order. (*Id.* ¶ 113.) Baptiste's complaint was dismissed due to "willful violations" of numerous court orders and Goguen's cross claims proceeded to trial in October 2019. (*Id.* ¶¶ 119, 129.) Following a trial on the merits, the court found that

---

[2] Consistent with his concurrently filed Request for Judicial Notice, Goguen respectfully requests that the Court take judicial notice of Exhibits A-I and L-BB, which are documents filed in federal or state courts. Rule of Evidence 201 allows the Court to take judicial notice of "court documents already in the public record and documents filed in other courts." *Love v. Marriott Hotel Servs., Inc.*, 2021 WL 810252, at *3 (N.D. Cal. Mar. 3, 2021), *aff'd,* 40 F.4th 1043 (9th Cir. 2022).

Baptiste extorted and defrauded Goguen for a total of $40 million. (*Id.* at 38-39.)

## II. The Superior Court Issued Two Restraining Orders Against Baptiste

As part of the San Mateo Superior Court's Judgment, the court issued a harassment restraining order against Baptiste, ordering that she was restrained from repeating false and defamatory statements concerning Goguen, including falsely claiming that he raped or abused Baptiste or any other women or engaged in human trafficking. (Batter Decl., Ex. A at 39-40; *id.*, Ex. B at Attachment 11.) On March 6, 2023, following Baptiste's repeated violations of the Order, the court renewed it for a further three years. (*Id.*, Ex. C.)

## III. The San Mateo Superior Court *Twice* Found Baptiste in Contempt For Repeatedly Violating the Restraining Orders

Baptiste ignored the Restraining Orders and continued to defame Goguen, which prompted the court to issue an order to show cause as to why she should not be held in contempt. (Batter Decl., Ex. E at 2.) On August 3, 2023, the court found that Baptiste had "willfully disobeyed the Temporary Restraining Orders on at least nine separate occasions by repeating enumerated false and defamatory statements" and found Baptiste guilty of contempt. (*Id.*, Ex. F.) But Baptiste's violations continued unabated, causing the court to issue *a second* order to show cause and *a second* finding of contempt—this time holding Baptiste in *criminal contempt*. (*Id.*, Ex. O, Ex. S.) Baptiste refused to appear to be sentenced, so the court issued a no-bail bench warrant for her arrest. (*Id.*, Ex. T.) She remains on the run, but that does not stop her from filing frivolous suits barred by res judicata.

## IV. Baptiste Has Lost in this Court Four Times

### A. This Court Dismissed Baptiste's First Suit as Patently Frivolous

On March 28, 2023, only weeks after the San Mateo Superior Court issued the Renewed Restraining Order, Baptiste filed a complaint against Goguen in this Court. (Case No. 2:23-cv-02280.) The retaliatory 1,753-page *pro se* filing purported to bring claims against more than 150 defendants including Goguen, his wife, several of his

companies, his attorneys, Judge Danny Chou of the San Mateo Superior Court, and a host of unrelated corporations and executives including Microsoft, Apple, Elon Musk, and Bill Gates. Baptiste's complaint falsely claimed that Goguen was engaged in human trafficking and sexually assaulted Baptiste and others—issues that were conclusively decided against Baptiste by Judge Chou at trial.

On May 22, 2023, this Court dismissed Baptiste's complaint *sua sponte* with prejudice, finding that it was "patently frivolous," "an unauthorized collateral attack on the judgment of the San Mateo County Superior Court, which entered a civil harassment restraining order against plaintiff and in favor of defendant Michael Goguen." (Batter Decl., Ex. G.) The Court further found that Baptiste's complaint "fail[ed] all . . . pleadings standards," and "contain[ed] incomprehensible ramblings with no coherent factual allegations or intelligible legal claims," and "appear[ed] to have no purpose other than a vexatious one of circumventing the civil harassment restraining order entered by the San Mateo County Superior Court." (*Id.*)

**B. <u>This Court Dismissed Baptiste's Second Suit as Duplicative</u>**

Several weeks later, Baptiste filed another complaint in this Court, again falsely claiming that she had been trafficked and sexually assaulted by Goguen. (Case No. 2:23-cv-04723.) The Court again *sua sponte* dismissed Baptiste's complaint with prejudice, finding that "[t]his action is duplicative of one the Court previously dismissed with prejudice" and therefore "this newly filed action also must be dismissed with prejudice." (Batter Decl., Ex. H.)

**C. <u>This Court Dismissed Baptiste's Third Suit Under Res Judicata</u>**

Apparently recognizing that she would have no luck in C.D. Cal., Baptiste subsequently filed a 1,355-page complaint in S.D.N.Y., but the court was made aware of her prior filings and transferred her case to C.D. Cal. (Case No. 2:23-cv-06439.) For the *third* time, Baptiste sought to relitigate the issues she had lost at trial. On September 20, 2023, the Court *sua sponte* dismissed Baptiste's suit with prejudice, again finding that it was "frivolous or malicious" and "barred by res judicata" because

Baptiste had "raised her allegations twice before" and "the allegations in the instant action are almost identical to the allegations [raised before]." (Batter Decl., Ex. I.) Shortly thereafter, and based on this Court's three dismissals of Baptiste's duplicative lawsuits, Goguen filed his first motion to have Baptiste declared a vexatious litigant. But given Baptiste's appeal of the Court's dismissal, the Court denied Goguen's motion "without prejudice to renew[] if plaintiff's appeal is dismissed *and she files a new action in this district court that is foreclosed by res judicata*." (*Id.*, Ex. L.)

**D. This Court Dismissed Baptiste's Fourth Suit Under Res Judicata**

Failing in both C.D. Cal. and S.D.N.Y., Baptiste then brought her frivolous suit in E.D. Penn (Case No. 2:25-cv-04734), but that court *also* transferred Baptiste's case back to C.D. Cal., where this Court *again*—for the fourth time—dismissed with prejudice, finding "[t]his action is substantively identical to three cases previously dismissed with prejudice" so "[t]his duplicative action is thus barred by res judicata"). (Batter Decl., Ex. Y.) In so doing, this Court ***"warned [Ms. Baptiste] that she may be declared a vexatious litigant in accordance with Local Rule 83-8 if she files another substantively identical lawsuit barred by res judicata."*** (*Id.*, Ex. Z.)

Baptiste has not filed just one suit, however. All told, and as detailed herein, Baptiste has filed ***sixteen*** frivolous, duplicative suits, necessitating this second motion for a finding of vexatiousness consistent with the Court's repeated admonishments.

## V. Baptiste Has Threatened to File in "Each and Every Jurisdiction[,] Country, City, Province, State, [and] District"

This Court's with-prejudice dismissal of Baptiste's numerous nearly identical complaints has unfortunately not deterred her. Rather than accept the Court's rulings, Baptiste has repeatedly threatened to file countless other vexatious complaints in courts across the country—as well as around the globe. For instance, shortly after this Court dismissed Baptiste's first two C.D. Cal. complaints, and the very day the San Mateo Superior Court first held Baptiste in contempt for repeatedly violating the Restraining Orders, Baptiste emailed Goguen's counsel, the San Mateo Superior

Court, and a host of third parties that she was "never going back to the San Mateo court," and instead would be "filing in every court," "in each and every jurisdiction country, city, province, state, [and] district." (Batter Decl., Ex. J; *see also* Ex. K.)

## VI. Baptiste Filed a Further *Twelve* Frivolous Lawsuits

Baptiste made true on her threats by filing an additional ***twelve*** duplicative suits (to make it ***sixteen*** in all) around the country. Recognizing the frivolousness of Ms. Baptiste's complaints, the courts are dismissing them *sua sponte*, noting:

> "Plaintiff is no stranger to the federal court system. She has filed nearly identical complaints against nearly identical defendants in several federal jurisdictions throughout the United States." (Citing Ms. Baptiste's 2023 and 2024 complaints, which had previously been dismissed with prejudice.) "Within the last month, it appears Plaintiff has filed three new identical complaints, in addition to this pending action." (Citing several of Ms. Baptiste's 2025 complaints.) "For nearly two years, Plaintiff has attempted to file the same complaint, receiving the same outcome each time. Her reckless decision to knowingly continue to strain judicial resources is not only highly imprudent, but deeply troublesome."

(Batter Decl., Ex. U.) The table below details the status of Baptiste's frivolous suits:

| No. | Case | Status |
|---|---|---|
| 1 | *Baptiste v. Goguen*, Case No. CIV537691 (San Mateo Superior Court, 2016) | **Dismissed with prejudice** due to Baptiste's willful violation of court orders; Goguen prevailed at trial on all counterclaims, obtained an order finding Baptiste's allegations to be defamatory, and obtained an injunction against her republishing them. (Batter Decl., Ex. A ¶ 119, pgs. 33-36). |
| 2 | *Amber Doe v. Goguen*, Case No. 2:23-cv-02280-MEMF-SK (C.D. Cal. 2023) | **Dismissed with prejudice** as "patently frivolous" and an "unauthorized collateral attack on the judgment of the San Mateo County Superior Court, which entered a civil harassment restraining order against |

| | | |
|---|---|---|
| | | plaintiff and in favor of defendant Michael Goguen." (*Id.*, Ex. G.) |
| 3 | *Jane Doe v. Goguen*, Case No. 2:23-cv-04723-MEMF-SK (C.D. Cal. 2023) | **Dismissed with prejudice** as "frivolous or malicious" and as "duplicative of [a prior complaint] the court previously dismissed with prejudice." (*Id.*, Ex. H.) |
| 4 | *Amber Doe v. Sequoia Capital et al.*, Case No. 2:23-cv-06439-MEMF-SK (C.D. Cal. 2023) | **Dismissed with prejudice** as "frivolous" and "barred by res judicata." (*Id.*, Ex. I.) |
| 5 | *Amber Doe v. Sequoia Capital et al.*, Case No. 9:23-cv-00088-DWM (D. Mont. 2023) | **Dismissed with prejudice** as a "quintessential shotgun pleading" of "incomprehensible rambling with no coherent factual allegations or intelligible legal claims." (*Id.*, Ex. M.) |
| 6 | *Amber Baptiste v. Vox Media et al.*, Case No. 1:23-cv-02161-UNA (District D.C. 2023) | **Dismissed** as "fail[ing] to make 'plain' any entitlement to the 47 claims for relief it raises against the tens of defendants that Plaintiff has sued." (*Id.*, Ex. N.) |
| 7 | *Morrell v. Baptiste*, Case No. 30-2016-00853797) (Orange County Superior Court 2023) | **Dismissed with prejudice** and Baptiste declared vexatious. (*Id.*, Exs. P, Q.) |
| 8 | *Amber Doe v. Sequoia Capital Operations et al.*, Case No. 1:25-cv-10214 (N.D. Ill. 2025) | **Dismissed with prejudice** where, "[f]or nearly two years, Plaintiff has attempted to file the same complaint, receiving the same outcome each time. Her reckless decision to knowingly continue to strain judicial resources is not only highly imprudent, but deeply troublesome." (*Id.*, Ex. U.) |
| 9 | *Amber Doe v. Sequoia Capital Operations et al.*, Case No. 8:25-cv-02003 (M.D. Fl. 2025) | **Dismissed** for failure to comply with an order to show cause. (*Id.*, Ex. V.) |

| | | |
|---|---|---|
| 10 | *Amber Doe v. Sequoia Capital Operations et al.*, Case No. 1:25-cv-14707 (D.N.J. 2025) | **Dismissed with prejudice** where "the claims in this matter, being substantially similar to those claims alleged in complaints previously filed in other jurisdictions, are barred by res judicata." (*Id.*, Ex. W.) |
| 11 | *Amber Doe v. Sequoia Capital Operations et al.*, Case No. 25-cv-06169 (S.D.N.Y. 2025) | Transferred to C.D. Cal where "[t]his action is the second civil action Plaintiff has filed in this court regarding alleged sex trafficking on the part of Defendants. The Court transferred the first action, *Doe I*, after the Court learned that the Central District of California had **dismissed two other actions filed by Plaintiff** in the Central District of California that were substantially similar to *Doe I*." (*Id.*, Ex. X.) |
| 12 | *Amber Doe v. Sequoia Capital Operations et al.*, Case No. 25-cv-04734 (E.D. Penn 2025) | Transferred to C.D. Cal and then **dismissed with prejudice** where "[t]his action is substantively identical to three cases previously dismissed with prejudice" so "[t]his duplicative action is thus barred by res judicata." (*Id.*, Exs. Y, Z.) |
| 13 | *Amber Doe v. Sequoia Capital Operations et al.*, Case No. 25-cv-02566-UNA (D.D.C. 2025) | **Dismissed with prejudice** where "Baptiste has already repeatedly and unsuccessfully filed substantially similar lawsuits in other courts." "There is no question that this matter arises out of the same conspiratorial claims raised in Baptiste's prior cases. The final adjudication of Baptiste's previous lawsuits thus precludes further action in this one." (*Id.*, Ex. AA.) |
| 14 | *Amber Doe v. Sequoia Capital Operations et al.*, Case No. 25-cv-01803 (E.D. La. 2025) | Pending. No service attempted. |
| 15 | *Amber Doe v. Sequoia Capital Operations et al.*, Case No. 25-cv-00577 (W.D. Kent. 2025) | Pending. No service attempted. |

| 16 | *Amber Doe v. Sequoia Capital Operations et al.*, Case No. 1:25-cv-02922 (D. Colo. 2025) | Pending. No service attempted. |
|---|---|---|

It is not surprising that as a consequence of Baptiste's repeated frivolous filings at the state level, the Orange County Superior Court declared her a vexatious litigant. (*Id.*, Exs., P, Q.) The California State Bar did so too after Baptiste initiated over a dozen frivolous bar investigations. (*Id.*, Ex. R.) Baptiste shows no signs of slowing down. In fact, in ***just the last few months***, Baptiste "remind[ed]" a court in a filing that ***"she will continue to file her Complaint, as many times and in as many courts as required"*** until she encounters a judge "who will allow [her] case to proceed to a jury trial." (*Id.*, Ex. BB (emphasis added).) In short, Baptiste's *admitted rational* in threatening scattershot filings in courts across the country is her hope to re-litigate the issues she *definitively lost* in the San Mateo Superior Court in 2019. Her complaints are a burden on the legal system and a waste of judicial resources, not to mention harassing and vexing to the many innocent defendants who are the subject of her false allegations. Based on Baptiste's own words, she will not stop filing frivolous, duplicative suits unless she is enjoined from doing so—as this Court admonished it would. (*Id.*, Ex. Z.)

## LEGAL STANDARDS

### I. Courts Have Inherent Power to Declare a Person a Vexatious Litigant

"[T]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057, 1062 (9th Cir. 2007). Specifically, the All Writs Act (28 U.S.C. 1651) empowers courts to "enjoin[] litigants with abusive and lengthy [litigation] histories." *De Long*, 912 F.2d at 1144.

## II. C.D. Cal. Local Rules Affirm and Augment the Court's Inherent Powers

"It is the policy of the [Central District of California] to discourage vexatious litigation" and "the intent of [the Local Rules] to augment the inherent power of the Court to control vexatious litigation." C.D. Cal. Local Rule 83-8.1. "On its own motion or on motion of a party, after opportunity to be heard, the Court may, at any time . . . make such . . . orders as are appropriate to control the conduct of a vexatious litigant." *Id.* 83-8.2. "Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require." *Id.* "Any order issued under L.R. 83-8.2 shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." *Id.* 83-8.3.

## III. Courts Employ a Four Factor Test for a Finding of Vexatiousness

Courts may find a litigant vexatious and enjoin them from "filing any further actions or papers with the federal district court without first obtaining leave" after the court (1) gives the litigant notice and an opportunity to oppose, (2) creates an adequate record reflecting that the litigant's actions "were numerous or abusive," (3) makes a "finding as to the frivolous or harassing nature of the litigant's actions," and (4) crafts an order that is appropriately tailored to remedy "the specific vice encountered." *De Long*, 912 F.2d at 1145; *Molski*, 500 F.3d at 1057.

The first two requirements (notice and an adequate record) "are procedural considerations." *Molski*, 500 F.3d at 1057. The latter two (finding of frivolousness and appropriate tailoring) "are substantive considerations." *Id.* The Second Circuit in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986) established a "five-factor standard [that] provides a helpful framework for applying the two substantive factors." *Id.* at 1058. The *Safir* factors are: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits; (2) the

litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Id.* at 1051.

## ARGUMENT

Goguen's Motion satisfies each of the elements in *De Long* and *Molski*, thus warranting a finding that Baptiste is vexatious and must be enjoined from further filings. Specifically, Goguen's Motion (1) provides Baptiste with the requisite notice, (2) lists Baptiste's prior frivolous and harassing filings (as well as details her plans to continue with such filings), (3) explains—as numerous courts (including this one) have held—why Baptiste's prior filings are frivolous and harassing, and (4) seeks an order that is appropriately tailored to preventing further such filings by Baptiste.

### I. THE PROCEDURAL FACTORS

#### A. This Motion Provides Baptiste with the Requisite Notice

Notice is satisfied where the litigant is "provided with an opportunity to oppose the order [finding vexatiousness] before it [is] entered." *De Long*, 912 F.2d at 1145. "[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue"; "the opportunity to brief the issue fully satisfies due process requirements." *Molski*, 500 F.3d at 1059. Through this Motion, Goguen has provided Baptiste with notice of his request that she be deemed vexatious and enjoined from making further frivolous filings. *Id.* at 1058 ("Molski had fair notice of the possibility that he might be declared a vexatious litigant and have a pre-filing order entered against him because the district court's order was prompted by a motion filed by the defendants and served on Molski's counsel. Also, Molski had the opportunity to oppose the motion, both in writing and at a hearing."); *see also* C.D. Cal. Local Rule 83-8.2 (permitting a party to seek a finding of vexatiousness "on motion of a party").

### B. Goguen Has Provided a Record of Baptiste's Vexatious Filings

Courts create an "adequate record for review" simply by "listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147; *Molski*, 500 F.3d at 1059. To date, Baptiste has filed no less than ***sixteen*** complaints falsely alleging that Goguen was or is engaged in human trafficking and sexually assaulted Baptiste or others. ***Twelve*** of those complaints have already been dismissed as frivolous, malicious, vexatious, or as a sanction to Baptiste. *See* table in section VI *supra.*

## II. THE SUBSTANTIVE FACTORS

### A. The Court Has Repeatedly Held That Baptiste's Serial Findings are Frivolous and Vexatious

"The third factor set forth by *De Long* gets to the heart of the vexatious litigant analysis." *Molski*, 500 F.3d at 1059 (affirming order declaring litigant vexatious where the litigant "used [repeated ADA] lawsuits and their false and exaggerated allegations as a harassing device"). A Court's findings of frivolousness or harassment are each independently sufficient to constitute vexatiousness. *De Long*, 912 F.2d at 1148. To make a finding of frivolousness or harassment, courts "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* In evaluating vexatiousness, courts consider whether the litigant's history includes "duplicative lawsuits"—which is the case here. *Safir*, 792 F.2d at 24.

This Court has *already found*—on *four* separate occasions—that Baptiste's filings are "patently frivolous," "appear to have no purpose other than a vexatious one," "duplicative of [suits] the Court previously dismissed with prejudice" and "barred by res judicata." (Batter Decl., Exs. G, H, I, Y, Z.) Indeed, when dismissing Baptiste's fourth C.D. Cal case, this Court explicitly noted that it was a "duplicative action" that was "substantively identical to three cases previously dismissed with prejudice" and Baptiste ***"is warned that she may be declared a vexatious litigant in accordance with Local Rule 83-8 if she files another substantively identical lawsuit***

***barred by res judicata.”*** (Batter Decl., Exs. Y, Z.) As noted *supra*, Baptiste has filed ***sixteen*** such suits, with ***nine*** filed in the last few months.

A vexatious litigant order is warranted where—as here—the court has made a “finding as to the frivolous or harassing nature of the litigant’s actions.” *De Long*, 912 F.2d at 1148. Baptiste’s repeated suits have caused “needless expense to other parties [and have] posed an unnecessary burden on the courts and their personnel.” *Safir*, 792 F.2d at 24. Further, Baptiste’s complaints are wholly without merit, but even if they had some modicum of merit, they would still be vexatious and harassing because they continue to make false allegations expressly prohibited by the Restraining Orders. “Frivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions.” *Molski*, 500 F.3d at 1060.

Baptiste has repeatedly threatened that—absent an order enjoining further vexatious filings—she will never stop: “I am filing in every court, in every country”; “I am filing in each and every jurisdiction country, city, province, state, [and] district.” (Batter Decl., Ex. J.) “I am going to file in several more jurisdictions, states and countries.” (*Id.*, Ex. K; *see also* Ex. BB.) “Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.” *Safir*, 792 F.2d at 24.

**B. <u>Goguen’s Request Seeks Appropriately Tailored Relief</u>**

A pre-filing order finding vexatiousness is appropriately tailored when it restricts a litigant “from filing new actions [1] paralleling the issues being litigated” or “[2] from relitigating issues decided in [prior] cases,” absent review and approval by the court. *De Long*, 912 F.2d at 1148; *see also Molski*, 500 F.3d at 1061. Such pre-filing orders are permissible and do not deny access to the courts because they “merely subject[] [the litigant’s] complaints to an initial screening review by a district judge.” *Molski*, 500 F.3d at 1061. Such orders “add[] a valuable layer of protection . . . for the courts and those targeted by [the litigant’s frivolous] claims.” *Id.*

Goguen's request for a pre-filing order is appropriately tailored to Baptiste's frivolous and vexatious filings. Goguen is not requesting an order enjoining Baptiste from filing *any* complaint absent court review. Rather, Goguen is requesting that any complaint by Baptiste that (1) repeats the false allegations the San Mateo Superior Court twice enjoined Baptiste from making—and that Baptiste has repeated throughout her sixteen vexatious lawsuits—or, (2) is brought against Goguen, his family, his companies, or his counsel—as Baptiste's vexatious lawsuits have been—be subject to an initial screening review before being accepted by a court. *See, e.g.*, *De Long*, 912 F.2d at 1148 (a pre-filing order that "closely fit[s] the specific vice encountered" is valid); *Molski*, 500 F.3d at 1061 (affirming a pre-filing order that "prevent[ed] Molski from filing actions under Title III of the ADA"); *Safir*, 792 F.2d at 25 (enjoining litigant from commencing actions relating in any way to issues that were already resolved). To be clear, neither Goguen, his family, companies, nor counsel have *any* ongoing relationship with Baptiste. She has no reason to file suit against any of them—other than an improper and vexatious one. Absent Goguen's requested pre-filing order, Baptiste's vexatious lawsuits and abusive of the judicial process are almost certain to continue unabated. *See* L.R. 83-8.3.

## **CONCLUSION**

For the foregoing reasons, and consistent with Local Rule 83-8, Goguen respectfully requests that the Court (1) enter an order declaring that Baptiste is a vexatious litigant, and (2) enter a pre-filing order enjoining Baptiste from filing any complaint or other document in any court within the United States or its possessions, making any of the same or substantially the same allegations that Baptiste made in her prior complaints against Goguen or (b) against any of the following individuals, without first obtaining leave of the court in which she intends to file:

- Michael Lewis Goguen
- Jamie Stephenson Goguen (Mr. Goguen's wife)
- Any company owned in whole or in part by Goguen

- Goguen's attorneys, including Quinn Emanuel Urquhart & Sullivan, LLP and any of its attorneys, Goodwin Procter LLP and any of its attorneys, and Lenczner Slaght LLP and any of its attorneys.

DATED: January 20, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Diane M. Doolittle

Diane M. Doolittle
*Attorneys for Defendant Michael Goguen*